Whalen, J.
(dissenting in part). I respectfully dissent in part because I cannot agree with the majority’s conclusion that defendants met their burden of establishing on their motion for summary judgment dismissing the complaint that they did not have constructive notice of the alleged icy condition. I would therefore modify the order by denying defendants’ motion with respect to constructive notice, and reinstating the complaint to that extent.
We have held that a defendant failed to meet its burden on its motion for summary judgment in slip and fall cases where, as here, there was no proof when the surface on which the plaintiff fell was last inspected (see Bailey v Curry, 1 AD3d 1059, 1059-1060 [2003]; Mancini v Quality Mkts., 256 AD2d 1177, 1177-1178 [1998]). Here, as in Bailey and Mancini, there was deposition testimony that the steps and sidewalk are routinely inspected, but there is no evidence in the record that those inspections occurred on the day of plaintiffs accident, before her fall (see Bailey, 1 AD3d at 1059; Mancini, 256 AD2d at 1177-1178). Rather, there was only general deposition testimony from bank employees that they did not recall seeing snow or ice on the step in the surrounding area. Given such general deposition testimony, and mindful that discovery has not yet been completed, I disagree with the majority’s speculation that affording plaintiff the opportunity to depose defendants’ janitorial staff could not lead to any relevant evidence (see generally CPLR 3212 [f]). Rather, the deposition testimony of the janitorial staff *1302 may reveal when the steps were actually last inspected, as opposed to when defendants believe the steps were last inspected based on routine practices. In support of their motion, defendants submitted photographs taken two hours after the accident that depict salt residue in the area where plaintiff fell. Thus, there is evidence that someone — possibly a member of defendants’ janitorial staff — salted the step at some point before plaintiffs fall. If a member of defendants’ janitorial staff salted the step the night before plaintiff’s fall or before the bank opened on the morning of plaintiffs fall, a trier of fact could infer that defendants should have had notice that the steps were icy at some point before plaintiffs fall, thus raising an issue of fact whether defendants had constructive notice of the alleged icy condition (see generally id.; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Present — Centra, J.E, Peradotto, Carni, Sconiers and Whalen, JJ.